UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MITCHELL M. HAAS,

                                    Plaintiff ,                    07 Civ. 1021(PKC)

               -against-
                                                                  ORDER
JIM RHODY, et al.,

                                    Defendants..
----------------------------------------------------------x


P. KEVIN CASTEL, U.S.D.J:

              The plaintiff, proceeding pro se, brings this action against the New York City

Police Department ("NYPD"), "Port Authority Police Department of New York and New

Jersey," Department of Homeland Security ("DHS"), Federal Bureau of Investigation

("FBI"), Central Intelligence Agency ("CIA"), who he collectives describes as the

"Government 5".  He also names as defendants an agent of the FBI, Jim Rhody, NYPD

Transit Police Officer, Jim Higgins and Michael (last name unknown).

              Plaintiff alleges that "members of the Government 5" routinely enter and

search his Manhattan apartment and ring him up on the building's intercom system after-

midnight. (Compl. ¶ 8-9)  He further alleges that "members of the Government 5" yell and

scream on the street below his apartment and have tampered with his mail. (Compl. ¶ 10-11)

His former employer was allegedly promised immunity by the Government 5 for cooperating

against plaintiff. (Compl. ¶ 17)   Unidentified persons are alleged to have "almost murdered

[him] when his coffee was poisoned with a stimulant ingredient that caused Plainitf to suffer

a cardiac incident . . . ." (Compl. ¶ 21) A "joint American-Canadian Operation" followed him

on a Canadian trip and "kept [him] awake by the disoriented mumbling of a member of the

Operation." (Compl. ¶ 30, 32)  He was "taken under control" by members of the Operation at gunpoint.  (Compl. ¶ 35) The Government 5 interfered with his employment as a paralegal at a law firm and as a student at a law school.  (Compl. ¶ 37-38)   "[P]rofessors were forced by the GOVERNMENT 5 to lower his grades." (Compl. ¶  40)  A mafia family and the families of the first and second Presidents Bush have acted against him. (Compl. ¶ 42) He alleges that a prominent attorney-advisor to President Clinton was murdered after plaintiff's mother attempted to obtain employment with him.  (Compl. ¶ 43) An attempt on his part to obtain asylum in Canada was improperly interfered with by defendants and others. (Compl. ¶ 49) Throughout the body of the complaint, other wrongdoings by the Government 5 and persons who are not named as defendants are alleged. Plaintiff seeks damages of $1 billion.

The federal agency defendants-- DHS, FBI, CIA-- move to dismiss on the grounds that this Court lacks subject matter jurisdiction  because the claim is for money damages "for injury . . . caused by the negligent or wrongful act or omission" of these federal agencies and are, therefore, governed by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680. This Court agrees.  Also, the sole remedy would be against the United States and not any agency thereof.  See C.P. Chemical Co., Inc. v. United States, 810 F..2d 34, 37 n.1 (2d Cir. 1987). Moreover, plaintiff has failed to exhaust all available administrative remedies. 28 U.S.C. § 2675(a).  See Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998).

Defendant Rhody moves to dismiss.  The claim against Rhody fails to satisfy the liberal pleading requirements of Rule 8(a)(2), Fed. R. Civ. P., in that no wrongdoing is alleged other than his status as an agent of the FBI and neighbor of plaintiff.

The notice pleading standard of Rule 8(a)(2) requires that a plaintiff's civil complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement needs only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __U.S.__,  2007 WL 1582936 (U.S. Jun. 4, 2007) (citations omitted).  Further, where a plaintiff is proceeding pro se, the court must read the pleadings liberally and view them as raising the strongest arguments that are suggested therein. McEachin v. McGunnis, 357 F.3d 197, 200 (2d Cir. 2004).

A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S.__, 127 S.Ct. 1955, 1974 (U.S. May 21, 2007).  As the Second Circuit has recently stated, Twombly requires that a plaintiff satisfy  "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, __F.3d __, 2007 WL 1717803, *11 (2d Cir. Jun. 14, 2007).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Twombly, 127 S.Ct. at 1964-54 (internal quotation omitted).  In order to state a claim, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.  Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id. at 1974.

Defendant NYPD moves to dismiss. The claims against the NYPD do not state a claim upon which relief may be granted because it is not a suable entity.  N.Y. City Charter,

Chapter 16, § 396. See, e.g. Allan v. City of New York, 386 F. Supp. 542, 545 (S.D.N.Y.

2005); East Coast Novelty Co., Inc. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y.

1992). Even if this Court were to construe the claims against the NYPD as having been

asserted against the City of New York under 42 U.S.C. § 1983, they would still fail to state a

claim upon which relief may be granted. None of the traditional grounds on which a

municipality may be held liable have been alleged. See, e.g. Monell v. Department of Social

Services, 436 U.S. 658, 690-91 (1978); Vippolis v. Village of Haverstraw, 768 F.2d 40, 44

(2d Cir. 1985). I need not reach the other grounds asserted by defendant NYPD.


CONCLUSION

The motions to dismiss of defendants DHS FBI, CIA and Rhody (Doc #2) are

GRANTED.  The motion to dismiss of defendant NYPD (Doc # 8) is GRANTED.


SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 19, 2007